



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter Murchison
County Attorney
Haskell County
Haskell, Texas

Dear Sir:

> Opinion No. O-2259
> Re: Would sale of light plant
> equipment by H. S. Leon of
> Haskell to West Texas Utilities
> Company --
> 1. Violate anti-trust laws?
> 2. Require sanction of vote of
> people of Haskell under
> Article 1268, R. C. S.?

We have your letter of June 12th, which we quote in part:

"Based upon facts as hereinafter outlined, I would appreciate your opinion upon the question of whether or not a sale of physical properties belonging to H. S. Leon of Haskell, Texas, to the West Texas Utilities Company would in any way conflict with or be in violation of the Anti-trust laws of the State of Texas.

"As I understand the facts are as follows: Mr. Leon secured a franchise from the Council at Haskell authorizing him to manufacture and distribute electric current. After purchasing certain generating equipment and after installing a part of the distribution system, but before operating the plant commercially, and before installing the switchboard which would be essential to the commercial operation of said plant,

Honorable Walter Murchison, Page 2

he decided after further investigation that the venture would not be profitable and concluded to attempt to find a purchaser for his equipment. The West Texas Utilities Company was approached for the purpose of selling to it the plant and distribution system, and subsequently an agreement was reached between Mr. Leon and West Texas Utilities Company with reference to the price to be paid for the equipment and distribution system.

"It is my further understanding that the equipment is to be purchased not as an operating unit, but in integral parts. It is my further understanding that the West Texas Utilities Company have a need for this equipment and expect to install it in another city in Texas. It is also my understanding that the sale price does not represent any profit whatsoever to Mr. Leon.

"Under these facts, it becomes pertinent to inquire as to whether such a purchase would be in contravention of R. C. S. of Texas 1925, Articles 7426, 7427, 7428 and 7428-A, commonly designated as Anti-Trust Statutes of the State. It also becomes pertinent to inquire as to whether R. C. S. of Texas 1925, Article 1868 is applicable to such sale."

Under the facts as set out in your letter quoted above we do not believe it would violate the anti-trust laws of Texas for Mr. Leon to sell his generating equipment and distribution system to the West Texas Utilities Company; it being assumed that Mr. Leon would not operate his plant in Haskell, even though such sale were not made. Under such circumstances, a sale of the physical properties by Mr. Leon would not lessen competition in the sale of electric power in the city of Haskell, for the reason that he would in no event become a competitor in such business. The logic of such construction is well illustrated by the case of Patton v. American Home Life Insurance Co., 255 S. W. 295, Ft. Worth Civ. App., writ refused, wherein it was contended that sale of assets of one insurance company to another violated the anti-trust and anti-monopoly statutes (now articles 7426 and 7427, R. C. S. 1925). After referring to these statutes, the court said:

Honorable Walter Murchison, Page 3

> "If plaintiff below had determined to dis-
> solve, it certainly had the right to do so under
> the law, and the sale, under the circumstances, of
> its properties could not tend to prevent or lessen
> competition."

To the same effect is the decision of the Texas
Supreme Court in Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079
(quoted with approval in Bomar v. Smith, 195 S. W. 964 at 979)
wherein the court declared:

> "In order to constitute a trust within the
> meaning of the statute there must be a 'combination
> of capital, skill, or acts by two or more.' 'Com-
> bination' as here used, means union or association.
> If there be no union or association by two or more
> of their 'capital, skill or acts' there can be no
> 'combination,' and hence no 'trust' . . .

> "When we consider the purposes for which the
> 'combination' must be formed to come within the
> statute, the essential meaning of the word 'combin-
> ation' and the fact that a punishment is prescribed
> for each day that the trust continues in existence,
> we are led to the conclusion that the union or asso-
> ciation of 'capital, skill or acts' denounced is
> where the parties in the particular case designed
> the united co-operation of such agencies, which
> might have otherwise been independent and competing,
> for the accomplishment of one or more of such pur-
> poses."

In Montgomery v. Creager, 22 S. W. (2d) 463, the
Eastland Court of Civil Appeals, in sustaining the validity
under the anti-trust laws of a contract of dissolution of a
partnership whereby one of the partners agreed to purchase
for one year the gasoline for a certain filling station from
the other partner, declared:

> "It would thus appear that it is not the mere
> fact of combination in its ordinary sense that is de-
> nounced by the statute, but the term includes design
> on the part of the parties to effectuate the accom-
> plishment of one or more of the prohibited purposes."

Honorable Walter Murchison, Page 4


Under the foregoing authorities it is our opinion that the proposed sale by Mr. Leon to the West Texas Utilities would not violate the anti-trust laws of Texas -- there being no design or purpose on the part of either party to reduce or eliminate competition in the sale of electric power thereby.

Article 1268, R. C. S. 1925, reads as follows:

"Any individual, association or corporation now or hereafter organized under the laws of this State, including any municipal corporation of this State, engaged in manufacturing, producing, supplying or selling electricity, natural or artificial gas, steam, or water, or owning or operating any street railway within any incorporated city, town or village within this State, where the rates charged for such service are subject to regulation under authority of the laws of this State, may, by a majority vote of the qualified voters thereof having been first obtained at an election held for that purpose, lease, sell or otherwise dispose of its entire plant or business or any part thereof, to any other individual, association or corporation which, at the time of said sale, lease or other disposition of said plant or business or any part thereof, is doing, or has authority to do, a like business in said incorporated city, town or village. Nothing herein shall authorize any corporation to engage in any kind of business not authorized by its charter." (Emphasis ours)

The underlined words in the above statute clearly indicate, we believe, that it was intended to apply only to "going concerns". Since Mr. Leon has never actually commenced the production or sale of electric power, Article 1268 cannot apply to a sale of electric properties by him. It is our opinion that a vote by the citizens of Haskell will not be required to sanction such sale by him.

Yours very truly

APPROVED JUN 15, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK:BBB

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN